John PEW, Jr., Barbara E. Pew, Harold Pew, Donna Pew, Nancy H. Hann, Julia Hudasky and Kathleen Prickett Plaintiffs–Appellants,

Miriam Y. Prickett, Plaintiff,

v.

Donald P. CARDARELLI, Peter J. O'Neill and Pricewaterhousecoopers LLP, Defendants–Appellees.

No. 05–1990–CV.

United States Court of Appeals, Second Circuit.

Jan. 24, 2006.

William R. Weinstein (Robert Harwood and Joshua D. Glatter, Wechsler Harwood LLP, New York, NY; Stuart Savett, James J. Rodgers, and Holly R. Rogers, Dilworth Paxson LLP, Philadelphia, PA; Harold G. Cohen, Dilworth Paxson LLP, Cherry Hill, NJ; Kenneth E. Ackerman and David M. Garber, Mackenzie Hughes LLP, on the brief), Wechsler Harwood LLP, New York, NY, for Appellant.

Charles E. Davidow (Brian M. Boynton and Matthew M. Graves, on the brief), Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C., for Defendants–Appellees Donald L. Cardarelli and Peter J. O'Neill.

James L. Capra, Jr. (Diana L. Weiss and Kristen Bancroft, on the brief), Orrick, Herrington & Sutcliffe LLP, New York, NY, for Defendant–Appellee PriceWaterhouseCoopers LLP.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiffs–Appellants appeal from a March 17, 2005 Memorandum–Decision and Order of the District Court that dismissed their class action suit alleging violations of the Securities Act of 1933 and New York General Business Law § 349 on the basis that (1) plaintiffs' Amended Complaint failed to state a claim upon which relief could be granted and (2) plaintiffs' claims were time-barred.

In their Amended Complaint, plaintiffs alleged that defendants Cardarelli and O'Neill[1] made numerous false and misleading statements in their public filings with the Securities and Exchange Commission ("SEC"), thereby fraudulently inducing plaintiffs to invest in Agway's Money Market Certificates ("Certificates"), which were fixed-interest debt instruments subordinated to Agway's other debt. Specifically, plaintiffs alleged that defendants knowingly filed Registration Statements and other materials with the SEC that failed to disclose, *inter alia*, that (1) "the only substantial liquid source of funds available" to offset maturing Certificates was cash derived from the sale of new Certificates; (2) "substantially all of Agway's most valuable assets were either pledged to senior debt or otherwise unavailable" leaving Agway unable "to fully satisfy its payment obligations" to Certificate-holders; (3) "the potential proceeds from substantially dismantling ... Agway's remaining businesses ... were only a fraction" of the debt owed to Certificate-holders; (4) Agway's inability to satisfy outstanding debt jeopardized its ability to "continue as a 'going concern'"; and (5) "at the time of purchase, the newly issued ... Certificates were worth, at most, only a small fraction of the face amount that Agway collected from plaintiffs and the Class." Am. Compl. ¶ 88.

After conducting an exhaustive analysis of Agway's financial filings, the District Court concluded that "as a matter of law, no reasonable investor, reading the cautionary statements [contained in these filings] in context, could have been misled about the future risks inherent in the investment" in Certificates. The District Court reasoned that because Agway's filings made clear "the subordinated status of the Certificates and Agway's accelerating financial deterioration, particularly its credit problems," a reasonable investor could not have been misled about the risk that "Agway would be unable to meet its obligations on ... Certificates."

The District further concluded that plaintiffs' federal securities claims were time-barred because plaintiffs failed to bring suit within one year of obtaining "actual knowledge of the facts giving rise to the action or notice of the facts, which in the exercise of reasonable diligence, would have led to actual knowledge." *Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030, 1042 (2d Cir.1992). In the view of the District Court, because "plaintiffs were made aware of the factual circumstances bearing on Agway's financial situation, its repeated losses, its efforts to restructure, the risk that those efforts might fail, and

---

1. At all times relevant to this action, Donald P. Cardarelli was Chief Executive Officer of Agway, a large agricultural supply and marketing cooperative. Peter J. O'Neill was Senior Vice President of Finance and Control of Agway.

the risks inherent in the Certificates' status as subordinated unsecured debt" and because "matters such as the credit arrangements and the results of [business] operations bear directly on the cause of plaintiffs' losses, *viz.*, the company's inability to meet its obligations on the Certificates" plaintiffs were on inquiry notice more than one year prior to commencement of this litigation.[2]

On appeal, plaintiffs contend principally that the District Court (1) mischaracterized plaintiffs' claims as stemming from the ongoing deterioration of Agway's financial condition rather than from Agway's so-called "balance sheet insolvency," or paucity of assets relative to liabilities at the time when plaintiffs initially invested, (2) erroneously determined that "facts" alleged by plaintiffs to have been omitted were actually predictions regarding the future value of Agway Certificates, and as such did not need to be disclosed; (3) improperly held plaintiffs to the standard of a sophisticated investment analyst; and (4) erroneously concluded that plaintiffs' claims were time barred.

We review *de novo* a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations in the complaint as true and drawing all inferences in the plaintiff's favor. *See Halperin v. eBanker USA.com, Inc.,* 295 F.3d 352, 356 (2d Cir. 2002). We will affirm a district court's dismissal where plaintiffs can prove no set of facts, consistent with their allegations, that would entitle them to the relief sought. *Id.* When plaintiffs allege material omissions or misstatements in violation of federal securities law, we may consider

any relevant filings. *See Kramer v. Time Warner Inc.,* 937 F.2d 767, 774 (2d Cir. 1991).

■ Upon our review of the record, and of plaintiffs' Amended Complaint, we hold that the District Court did not err in concluding that, during the period at issue here, no reasonable investor could have been misled about the nature and extent of the risks associated with investing in Agway Certificates. Even assuming *arguendo* that defendants failed to disclose "that Agway had virtually no remaining asserts and no operating income by which to discharge its obligations and its 'guarantee' with respect to" outstanding Certificate debt, Am. Compl. ¶ 66, Agway's filings are replete with other warnings about the risk of defaulting on the Certificate debt, the subsidiary nature of that debt, Agway's resort to increasingly bleak credit arrangements, the loss of core business assets and operations, and the consequences of a potential bankruptcy. In light of these warnings, any reasonable investor of ordinary sophistication would have been aware of the risk of non-payment on his Agway Certificates, notwithstanding his ignorance of Agway's balance sheet at the time of his initial investment.

■ Moreover, we disagree with plaintiffs' assessment that Agway's "balance sheet insolvency" was responsible for the losses suffered by plaintiffs. In fact, Agway's ultimate failure to repay Certificate investors stemmed from numerous economic developments that we cannot presume were intended by Agway's officers[3] and that we may not now, in hindsight, regard as foreordained. Because we agree with the District Court that "[t]he risks of

---

**2.** This litigation was initiated on May 13, 2003.

**3.** Although plaintiffs repeatedly characterize Agway's Certificates as a ''Ponzi-scheme'' rather than a debt instrument designed to raise capital for business ventures, they do not allege bad faith on the part of Agway's officers.

which plaintiffs complain had not yet transpired during the period in issue" and because "Agway continued to operate its business and pursue its turnaround efforts for almost two years after plaintiffs' first purchases on November 1, 2000, and for almost a year after the last purchases by plaintiffs on November 3, 2001," we hold that District Court did not err in characterizing the statements allegedly omitted by defendants as future predictions of Certificate valuation rather than "present or historical facts." *See P. Stolz Family P'ship L.P. v. Daum,* 355 F.3d 92, 97 (2d Cir.2004)

█ Finally, we agree with the District Court that by no later than March 6, 2002, plaintiffs were on inquiry notice of any materially false statements or omissions that may have fraudulently induced investment in Agway Certificates between November 2000 and 2001. Accordingly, even assuming that such misstatements existed, plaintiffs are barred from bringing this suit under section 13 of the Securities Act.

Substantially for the reasons stated by the District Court in its comprehensive opinion, we hold that plaintiffs failed to state a claim upon which relief should be granted and that, in any event, plaintiffs' claims were time barred.

\*　　\*　　\*　　\*　　\*　　\*

We have considered all of plaintiff's arguments and found each of them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED.**